## WOODS *v.* WHITE STAR LINE.

1. NEGLIGENCE—CARRIERS—USE OF PATHWAY.

On a second appeal of an action for negligent injuries sustained by plaintiff in falling over an embankment in the dark, while attempting to reach defendant's dock by a short cut and path over private property, not maintained or recognized by defendant, the additional fact that the pathway could be seen from the street from which plaintiff attempted to cut across to the dock, would not justify a different ruling as to defendant's nonliability.

2. APPEAL AND ERROR — JUDGMENT — LAW OF CASE—REHEARING.

Alleged errors of this court in determining questions on appeal should be raised by motion for rehearing, not by a second appeal.

Error to St. Clair; Law, J. Submitted February 15, 1911. (Docket No. 20.) Decided March 13, 1911.

Case by Rosetta Woods against the White Star Line for personal injuries. A judgment for defendant on a verdict directed by the court is reviewed by plaintiff on writ of error. Affirmed.

*Walsh & Walsh, C. L. Benedict,* and *Sanford W. Ladd,* for appellant.

*P. H. Phillips (Gray & Gray,* of counsel), for appellee.

BROOKE, J. This case was before the court at the January, 1910, term, and will be found reported at 160 Mich. 540 (125 N. W. 396, 27 L. R. A. [N. S.] 992). Upon the second trial, counsel for plaintiff made an opening statement of the facts which he proposed to prove. Comparing that statement with the record and opinion upon the former trial, it appears that the only additional

fact which plaintiff proposed to prove was that the path upon which she was injured could be seen from the foot of Conner street. We think that this fact could be plainly inferred from the testimony given upon the former trial; but, even if it could not, we fail to see how proof of that fact would strengthen plaintiff's position or change the principles of law applicable to the case. At the close of plaintiff's opening statement, defendant's counsel made a motion for a directed verdict, which was granted. Error is assigned upon this action of the court below. Counsel for plaintiff in his brief has reargued the case upon the facts as presented at the first trial, and urges that upon those facts this court reached an erroneous conclusion.

This argument is predicated upon the same decisions cited upon the former hearing in this court. Those decisions were analyzed and distinguished in the opinion then handed down. If plaintiff believed that there was either manifest misapprehension of fact or misapplication of law, it was her duty seasonably to move for a rehearing.

The court was clearly right in directing a verdict in accordance with the principles announced in our former opinion.

The judgment is affirmed.

HOOKER, MOORE, McALVAY, and BLAIR, JJ., concurred.